United States Courts
Southern District of Texas
FILED
*06/06/2024*
Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § § § | |
| vs. § § | **CRIMINAL NO. 4:19-CR-180-S1** |
| **ROBERT ALEXANDER SHOUSE,** § **Defendant** | |

## SUPERSEDING CRIMINAL INFORMATION

**THE UNITED STATES ATTORNEY CHARGES**:

## INTRODUCTION

At all times material to this Information:

1. The term "minor" is defined, pursuant to Title 18, United States Code, Section 2256(1), as "any person under the age of eighteen years."

2. The term "child pornography," for purposes of this Information, is defined, pursuant to Title 18, United States Code, Section 2256(8)(A), as:

> "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where -
>
> (A) the production of such visual depiction involves the use of a minor engaged in sexually explicit conduct."

3. The term "sexually explicit conduct" is defined, pursuant to Title 18, United States Code, Section 2256(2)(A), as any:

> "actual or simulated -
>     (i)    sexual intercourse, including genital [to] genital, oral [to] genital, anal [to] genital, or oral [to] anal, whether between persons of the same or opposite sex; [or]
>     (ii)    bestiality; [or]

   (iii) masturbation; [or]
   (iv) sadistic or masochistic abuse; or
   (v) [the] lascivious exhibition of the genitals or pubic area of any person."

4. The term "computer" is defined, pursuant to Title 18, United States Code, Sections 2256(6) and 1030(e)(1), as any:

> "electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator or other similar device."

5. The term "producing", for purposes of this Information, is defined, pursuant to Title 18, United States Code, Section 2256(3) and case law, as:

> "producing, directing, manufacturing, issuing, publishing or advertising" and includes downloading or copying visual depictions from another source.

6. The term "visual depiction" is defined, pursuant to Title 18, United States Code, Section 2256(5), as including, but is not limited to, any:

> "undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image."

## COUNT ONE
### (Sexual Exploitation of Children)

From on or about July 4, 2011, through and including January 21, 2019, within the Southern District of Texas and elsewhere,

**ROBERT ALEXANDER SHOUSE**,

defendant herein, did, and attempted to, employ, use, persuade, induce, entice and coerce a minor child, to wit: Minor Victim #1, to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, and the visual depiction was produced using materials that had

been mailed, shipped, and transported in and affecting interstate and foreign commerce, including by computer, and such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed.

**In violation of Title 18, United States Code, Section 2251(a) and (e).**

## COUNT TWO
### (Sexual Exploitation of Children)

From on or about March 19, 2014, through and including January 21, 2019, within the Southern District of Texas and elsewhere,

**ROBERT ALEXANDER SHOUSE**,

defendant herein, did, and attempted to, employ, use, persuade, induce, entice and coerce a minor child, to wit: Minor Victim #1, to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, and the visual depiction was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce, including by computer, and such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed.

**In violation of Title 18, United States Code, Section 2251(a) and (e).**

## COUNT THREE
### (Attempted Sexual Exploitation of Children)

From in or about 2011 through and including January 21, 2019, within the Southern District

of Texas and elsewhere,

**ROBERT ALEXANDER SHOUSE**,

defendant herein, attempted to employ, use, persuade, induce, entice and coerce a minor child, to wit: Minor Victim #2, to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, and the visual depiction was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce, including by computer, and such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed.

**In violation of Title 18, United States Code, Section 2251(a) and (e).**

## COUNT FOUR
**(Possession of Child Pornography)**

On or about January 22, 2019, within the Southern District of Texas,

**ROBERT ALEXANDER SHOUSE,**

defendant herein, did knowingly possess material that contained an image of child pornography, which had been shipped and transported using any means and facility of interstate and foreign commerce, and which was produced using materials which have been mailed, shipped, and transported in and affecting interstate and foreign commerce, by any means, including by computer, more specifically: the defendant possessed an HGST SATA 2 hard drive, Serial Number PEHGZSBT; a Lenovo Laptop, S/N CB18145049, Model 2099; and a Samsung External Hard Drive, S/N S1DBNSBDC34494K, Model MZ-74E250 which contained still images and videos of child pornography.

**In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).**

## NOTICE OF FORFEITURE
**18 U.S.C. § 2253(a)**

Pursuant to Title 18, United States Code, Section 2253(a)(2) and (a)(3), the United States gives the defendant notice that in the event of conviction for the offenses charged in this Information, the United States will seek to forfeit all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offenses charged; and all property, real and personal, used or intended to be used to commit or to promote the commission of the offenses charged in Count One through Count Four, or any property traceable to such property, including, but not limited to, the following:

an Apple IPAD, S/N DMPJ2XCODVGK, A1430;

a Dell Laptop S/N 5M4MMC1, P/N UT153;

a Geoforce Homebuilt Computer Tower;

an HGST Hard Drive, S/N PEJP168S, P/N OF22408;

an HGST Hard Drive, S/N PEHGZSBT, P/N OF22408;

an HGST Hard Drive, S/N PEJNT2HS, P/N OF22408;

a Lenovo Laptop, S/N CB18145049, Model 2099;

a Samsung External Hard Drive, S/N S1DBNSBDC34494K, Model MZ-74E250;

a WD External Hard Drive, S/N WCC4N4CLAU4U, P/N WDBCTL0030HWT;

a Black Apple Iphone, Model A1660;

a Black Apple Iphone, Model A1429;

a Silver Apple IPAD, S/N F9GQNWWFCMF;

an HP Laptop, S/N 5CD43061GJ;

a Hoodman 32 GB Memory Card;

a Pink 8 GB USB;

a Nikon Camera, S/N 3059135;

a Hoodman 32 GB Memory Card;

a Black Iphone;

a Dell Laptop, S/N 30LCWF2;

a Dell laptop, Model PP27L;

an HP Laptop, S/N CNF01718P0, Model 622ANHMV;

a White Iphone, Model A1532; and

a Cell Phone (Damaged to where nothing can be determined).


ALAMDAR S. HAMDANI
United States Attorney

By: *Kimberly Ann Leo*
Kimberly Ann Leo
Assistant United States Attorney
713-567-9465

*James E. Burke IV*
James E. Burke IV
Trial Attorney
U.S. Department of Justice, Criminal Division
Child Exploitation and Obscenity Section